UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-61502-SMITH/REID

SARA MEIR, *et al.*,

    Plaintiffs,

vs.

WESTCHESTER SURPLUS LINES
INS. CO.,

    Defendant.
_____/

### REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS WITHOUT PREJUDICE AND PERMITTING DEFENDANT TO REFILE

This matter is before the Court on Defendant Westchester Surplus Lines Insurance Company's ("Defendant") Motion for Attorney Fees and Costs. [ECF No. 63]. The Honorable Rodney Smith referred this matter to the Undersigned for resolution. [ECF No. 13]. Under Federal Rule of Civil Procedure 54(d)(2)(D), "the court may . . . refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54. Accordingly, because such motions are "dispositive of a claim," a magistrate judge must address the motion by issuing a Report and Recommendation. Fed. R. Civ. P. 72(b).

Pursuant to Federal Rule of Civil Procedure 54(d)(2)'s advisory notes, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." *See Democratic Republic of the Congo v. Air Cap. Grp., LLC*, 12-20607-CIV, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014) (deferring ruling on motions to bill costs and motion for attorney's fees pending appeal).

Indeed, "[c]ourts in this district have deferred ruling on motions for bill of costs until after resolution of the appeal, citing concerns including the 'potential of having to repeat the fees and costs procedure following appeal and the desire to avoid piecemeal adjudication; that resolution is unlikely to assist the Court of Appeals; and that fees and costs issues are often resolved during appellate mediation.'" *Rafferty v. Denny's Inc.*, 1:19-CV-24706-DLG, 2020 WL 9048743, at *1 (S.D. Fla. Nov. 2, 2020) (citing *Shapiro v. Wells Fargo Bank, N.A.*, No. 0:18-60250-CIV, 2019 WL 5291005, at *1 (S.D. Fla. June 13, 2019), *report and recommendation adopted*) (*citing Britt Green Trucking, Inc. v. FedEx Nat'l LTL, Inc.*, No. 8:09-CV-445-T-33TBM, 2012 WL 12951321, at *1 (M.D. Fla. Jan. 26, 2012)). Here, the Court exercises its discretion to deny the motions without prejudice pending a resolution on appeal. *See Thorkelson v. Marceno*, No. 2:19-cv-263-FTM-38MRM, 2020 WL 7264564, at *1 (M.D. Fla. Nov. 24, 2020), *report and recommendation adopted*, No. 2:19-cv-263-FTM-38MRM, 2020 WL 7260780 (M.D. Fla. Dec. 10, 2020) ("In light of the pending appeal and to conserve judicial resources, the Undersigned recommends that Defendants' Motion to Tax Costs be denied without prejudice at this time.").

Therefore, it is **RECOMMENDED** that the Defendant's Motion for Attorney Fees and Costs [ECF No. 63] be **DENIED WITHOUT PREJUDICE** at this time and Defendant be allowed leave to refile this Motion within 14 days of the date on which the mandate issues on appeal.

Objections to this Report may be filed with the district judge within **FOURTEEN** (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual

and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Rodney Smith**; and
**All Counsel of Record**